IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND SHAUN DARNELL, | No. C 08-00635 WHA (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| ANTHONY HEDGPETH, J. BOLIN, THOMSON, BLACKSTONE, J. VARGAS, J. OSTRANDER, | |
| Defendants. / | |

Plaintiff Garland Darnell, an inmate at Kern Valley State Prison in Delano, California, has filed a *pro se* civil rights complaint under 42 U.S.C. 1983. He has been granted leave to proceed *in forma pauperis*.

**DISCUSSION**

1. **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.[1]

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## 2. LEGAL CLAIMS

Plaintiff's allegations are sufficient to state a claim against all defendants. He asserts that defendants Bolin, Blackstone, and Thomson refused to provide him with food that plaintiff could consume when he refused to substitute cheese, which plaintiff is allergic to, with peanut butter for plaintiff's meal. He alleges that these defendants did this because of plaintiff's actions in filing complaints with the courts, his erroneous status as an "inactive gang member," and on account of plaintiff's race. These alleged actions by defendants are sufficient to state a claim for violating both plaintiff's constitutional right against cruel and unusual punishment, discrimination, as well as potentially his right to be free from retaliation for exercising his

---

[1] *Bell Atlantic Corp.* disapproved the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957). *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp*, 127 S. Ct. at 1969.

2

constitutional rights.

Next, plaintiff alleges that defendant Vargas accosted him in his cell, subjected him and a cell mate to a strip search, and threw his elbow into plaintiff. These actions also give rise to claim for violation of plaintiff's constitutional rights. Again, plaintiff asserts he was treated in this manner for retaliatory reasons. In addition, plaintiff properly asserts a claim against defendant Vargas for his actions regarding his improper search of plaintiffs cell when he improperly left his cell "in a disheveled state with property all over the floor." Plaintiff alleges that defendant Ostrander approved of the search, and thus is also liable. This is sufficient for a constitutional claim against defendant Ostrander and Vargas.

Plaintiff asserts that defendant Hedgpeth, the warden of the facility, approved of these actions against plaintiff, and thus is liable for each of these violations. These alleged actions are also sufficient for a claim against defendant Hedgpeth.

**CONCLUSION**

1. This order finds that plaintiff has properly pled cognizable claims against each defendant. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and copies of this order upon the each of the defendants named in the complaint.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

   c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon defendants no later than thirty days from the date of service of the

3

motion. Plaintiff must read the attached page headed "NOTICE — WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE — WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S. Ct 50 (2003).

    d. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the date of service of the opposition.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 8, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4

## NOTICE — WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE — WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents

accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.