UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>    Plaintiff,<br><br> vs.<br><br>ANTHONY HEDGPETH, J. BOLIN,<br>THOMPSON, BLACKSTONE,<br>J. VARGAS, J. OSTRANDER,<br><br>    Defendants. | No. C 08-00635 WHA (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION; DIRECTING PLAINTIFF TO SERVE DEFENDANTS BOLIN AND THOMPSON**<br><br>(Docket Nos. 13 & 23) |

    Plaintiff, a California prisoner proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. 1983, alleging *inter alia* that Defendants Hedgpeth, Bolin, Thompson, Blackstone, Vargas, and Ostrander, officers and employees of Kern Valley State Prison, retaliated against Plaintiff for his exercise of his First Amendment rights.[1] Defendants have moved to dismiss the action under the unenumerated portion of Federal Rule of Civil Procedure 12(b) and under Rule 12(b)(6). For the reasons stated herein, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

    Plaintiff's request for a preliminary injunction is DENIED. Plaintiff is DIRECTED to properly execute summons on Defendants Bolin and Thompson.

---

[1] Plaintiff is currently housed at Calipatria State Prison.

1

# BACKGROUND

Plaintiff alleges that at Kern Valley State Prison ("KVSP") on and around June 4th and June 16th of 2007, Defendants retaliated against Plaintiff for exercising his First Amendment rights. Plaintiff filed two prison grievances related to these claims. As to the events of June 4th, the prison's written decision on Plaintiff's administrative grievance provides a useful summary of Plaintiff's allegations:

> It is [Plaintiff]'s position that on June 4, 2007, Kern Valley State Prison (KVSP) Third Watch Correctional Officer (CO) J. Bolin, who is assigned to Building 4, served [Plaintiff] an evening meal tray that did not contain the peanut butter protein supplement that is customarily given to [Plaintiff] to replace the meat that [Plaintiff] does not eat. On June 5, 2007, CO Bolin served [Plaintiff]'s evening meal tray with cheese as a protein replacement. It is contended that [Plaintiff] alerted CO Bolin that [Plaintiff] does not eat cheese due to dairy products causing allergic reactions to him. CO Bolin informed [Plaintiff] that be would bring him a peanut butter packet later. [Plaintiff] claims that later that evening, he asked CO Bolin about the peanut butter that the officer did not bring him. CO Bolin stated that he was not going to bring [Plaintiff] anything and also stated, "We have had enough of you, nigger. You and your 602's and lawsuits and we are going to get you." [Plaintiff] also claims this action took place at approximately 2110 hours, when CO Bolin came to collect the mail. On June 6, 2007, Second Watch CO A. Thompson served [Plaintiff] a breakfast tray with cheese on it. On April 9, 2007, [Plaintiff] wrote a complaint involving CO Blackstone's refusal to supplement [Plaintiff]'s meal with peanut butter and her insistence on giving [Plaintiff] cheese or tuna, which she is aware that [Plaintiff] does not eat. [Plaintiff] requests that Warden A. Hedgpeth halt the racial threats and retaliatory acts of his subordinates against [Plaintiff].

(Defs.' Mot. to Dismiss ("MTD"), Decl. of Rachel Munoz, Ex. A at 6.)

With regard to the events of June 16th, the prison's written decision on Plaintiff's administrative grievance provides a useful summary of Plaintiff's allegations:

> It is the [Plaintiff]'s position that on June 16, 2007, during the Third Watch, a Kern Valley State Prison (KVSP) Correctional Officer appeared at [Plaintiff]'s cell door and announced that boxer shorts and shower shoes are to be worn outside of the cell for the purpose of a cell search. [Plaintiff] states that he was still eating his dinner meal, when the two officers approached his door for the search. [Plaintiff] claims he was complying with one of the officer's strip search instructions, when this particular officer called [Plaintiff] an "Idiot[,]" as [Plaintiff] was trying to finish chewing some food to allow the officer to look into [Plaintiff]'s mouth. It is contended that [Plaintiff] asked the officer for his name but the officer refused to identify himself but after several more times asking, the officer said his name was Vargas. [Plaintiff] also claims that this officer also elbowed [Plaintiff] as [Plaintiff] passed by the officer. Upon returning to

    his cell, [Plaintiff] noted that the cell was in shambles and his property was strewn about the cell, with several items taken or thrown away, including [Plaintiff]'s prescribed medication of Metamucil. [Plaintiff] requests that Warden A. Hedgpeth call off the verbal disrespect and retaliatory acts of his subordinates against [Plaintiff].

(Id., Ex. B at 9.)

Based on these asserted facts, Plaintiff alleges that all Defendants violated his (1) First Amendment rights by retaliating against him; (2) Eighth Amendment right to be free from cruel and unusual punishment; and (3) Fourteenth Amendment right to be free from racial discrimination.

## DISCUSSION

### I. Defendants Ostrander and Hedgpeth

Defendants contend that Plaintiff's claims against Defendants Ostrander and Hedgpeth should be dismissed because Plaintiff failed to exhaust his administrative remedies for these claims. (MTD at 7.) Ostrander was in charge of the Institutional Gang Investigations/Investigative Services Unit at the time of the alleged incidents. Hedgpeth was the warden of KVSP at this same time.

As detailed above, Plaintiff filed two prison grievances related to the claims he raises in the instant action. In these grievances, Plaintiff mentions only that Ostrander is Vargas's supervisor, and details no invidious actions Ostrander may have taken. Also, Plaintiff does not detail in these grievances that or how Hedgpeth violated Plaintiff's rights or otherwise caused Plaintiff injury. Rather, in those grievances Plaintiff appeals to Hedgpeth for relief, rather than accusing him of misdeeds.

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

Compliance with prison grievance procedures is all that is required to "properly exhaust." *Jones v. Bock*, 127 S. Ct. 910, 922–23 (2007).  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the Prison Litigation Reform Act [42 U.S.C. § 1997e], that define the boundaries of proper exhaustion.  *Id*. at 923.  The inmate's grievance must be sufficiently detailed to alert the prison as to "the nature of the wrong for which redress is sought."  *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).  A grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue.  *Woodford*, 548 U.S. at 90.

Plaintiff has not exhausted his administrative remedies as to his claims against Defendants Ostrander and Hedgpeth.  As to Ostrander, Plaintiff's prison grievances do not detail any invidious actions attributable to Defendant.  Rather, Ostrander is mentioned in the grievances only as Vargas's supervisor, and is not alleged to have known of or participated in the alleged violations.  Because his grievance insufficiently detailed Ostrander's alleged invidious actions, Plaintiff's grievance cannot have alerted the prison as to "the nature of the wrong for which redress is sought."  *Griffin*, 557 F.3d at 1120.

As to Hedgpeth, Plaintiff's prison grievances do not describe any wrong committed by such Defendant.  Indeed, Plaintiff appealed to Hedgpeth for relief, rather than listing him as a wrongdoer.  Because his prison grievance insufficiently detailed Hedgpeth's alleged invidious actions, Plaintiff's grievance cannot have alerted the prison as to the nature of the wrong for which redress is sought.

Plaintiff having failed to exhaust his administrative remedies, Defendants' motion to dismiss all claims against Defendants Ostrander and Hedgpeth is GRANTED.  All claims against Ostrander and Hedgpeth are hereby DISMISSED.  Ostrander and Hedgpeth are hereby TERMINATED from this action.

**II.     Defendant Thompson**

Defendants have not moved for the dismissal of the claims against Defendant Thompson.

**III.    Defendants Bolin, Blackstone, and Vargas**

Defendants move to dismiss all claims against Defendants Bolin, Blackstone, and Vargas, all of whom were correctional officers at the relevant time. (MTD at 9–18.)

    **A.     First Amendment Claims**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted).

Reading Plaintiff's complaint broadly, it appears that Plaintiff has stated a claim against Defendants Bolin and Vargas for a First Amendment violation. As to each, Plaintiff alleges that each state actor took an adverse action (serving food allergic to Plaintiff, searching his cell, elbowing him) because of Plaintiff's protected activity of filing grievances ("We have had enough of you, nigger. You and your 602's and lawsuits and we are going to get you"), and that such action did not reasonably advance a legitimate correctional goal. On these facts, Defendants' motion as to the First Amendment claims against Defendants Bolin and Vargas is DENIED. In denying such motion as to these claims, the Court makes no comment whether Plaintiff's claims will succeed on the merits.

Plaintiff has not, however, alleged facts sufficient to state a claim against Defendant Blackstone for a First Amendment violation. Plaintiff has alleged only that he sent her a grievance regarding his food. Plaintiff has not alleged any facts that Blackstone took an actual adverse action that chilled his exercise of his First Amendment rights.

Accordingly, Defendants' motion as to the First Amendment claims against Blackstone is GRANTED. All First Amendment claims against Blackstone are hereby DISMISSED.

### B. Fourteenth Amendment Claims

A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *Serrano v. Francis*, 345 F.3d 1071, 1081–82 (9th Cir. 2003).

Plaintiff has stated a claim against Defendant Bolin for racial discrimination for his levelling a threat, prefaced with a racially pejorative epithet, at Plaintiff, and other allegedly retaliatory acts. Accordingly, Defendants' motion to dismiss all Fourteenth Amendment claims against Bolin is DENIED. In denying such motion as to these claims, the Court makes no comment whether Plaintiff's claims will succeed on the merits.

Plaintiff, however, has not alleged facts sufficient to state a claim for racial discrimination against Defendants Vargas or Blackstone. Indeed, Plaintiff alleged in his prison grievances that Vargas retaliated against him by searching his cell, but did not allege that Vargas's actions were racially motivated. (MTD, Decl. of Rachel Munoz, Ex. B at 9.) Accordingly, Defendants' motion to dismiss all Fourteenth Amendment claims against Vargas and Blackstone is GRANTED. All Fourteenth Amendment claims against Vargas and Blackstone are hereby DISMISSED.

### C. Eighth Amendment Claims

Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). Denial of food service presents a sufficiently serious condition to meet the objective prong of the Eighth Amendment deliberate indifference analysis. *Foster v.*

*Runnels*, 554 F.3d 807, 812–13 (9th Cir. 2009); *see*, e.g., *id*. at 812 (denial of 16 meals over 23 days was "a sufficiently serious deprivation because food is one of life's basic necessities"); *id*. at 812 n.1 (denial of 2 meals over 9-week period was not sufficiently serious to meet objective prong of Eighth Amendment deliberate indifference).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing *Wilson*, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See id*. at 732–733; *see*, e.g., *Hearns v. Terhune*, 413 F.3d 1036, 1041–42 (9th Cir. 2005)

Plaintiff has failed to state Eighth Amendment claims against Defendants Bolin, Blackstone, and Vargas. Considering the circumstances, nature, and duration of the alleged acts, Defendants having brought or ordered to be brought to Plaintiff a tray of food with one unacceptable item on it a handful of times does not amount to a sufficiently serious deprivation under the Eighth Amendment. *See Foster*, 554 F.3d at 812 n.1.

Accordingly, Defendants' motion to dismiss all Eighth Amendment claims against Bolin, Blackstone, and Vargas is GRANTED. All Eighth Amendment claims against Bolin, Blackstone, and Vargas are hereby DISMISSED.

Furthermore, Defendant Blackstone is hereby TERMINATED from this action, all claims against her having been dismissed.

## PRELIMINARY INJUNCTION

Plaintiff asks the Court to issue a preliminary injunction to transfer him from the California Department of Corrections and Rehabilitation to the Federal Bureau of Prisons. (*See* Docket No. 13.) As grounds for such a request, Plaintiff alleges that his transfer from KVSP to his current residence at Calipatria State Prison ("CSP") was retaliatory, and that the officers and employees of CSP have failed to respond to his prison grievances. *See ibid.*

A preliminary injunction will not issue. Rather than stating grounds for a preliminary injunction, Plaintiff has stated grounds for a new civil rights action involving persons and circumstances different from those in the present action. If Plaintiff wishes to seek relief for such claims, he must file a new and separate civil action from the instant matter. Accordingly, Plaintiff's request for a preliminary injunction (Docket No. 13) is DENIED.

## SERVICE

Defendants Bolin and Thompson remain unserved. Summons for Bolin was returned unexecuted for the reason that he is no longer employed at KVSP. (*See* Docket No. 25.) Summons for Thompson was returned unexecuted because the Marshal was unable to identify the correct defendant, as there were many officers named Thompson. (*See* Docket No. 9.)

In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The Court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of

which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, Plaintiff's complaint has been pending for over 120 days, and, consequently, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants, Bolin and Thompson. *See* Fed. R. Civ. P. 4(m). Because Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Bolin and Thompson, Plaintiff must remedy the situation or face dismissal of his claims against said Defendants. *See Walker*, 14 F.3d at 1421–22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, Plaintiff must either himself serve Bolin and Thompson with the summons and complaint, or provide the Court with an accurate current location such that the Marshal is able to serve Bolin and Thompson. <u>If Plaintiff fails to effectuate service on Bolin and Thompson, or provide the Court with an accurate current location for said Defendants, within **thirty (30) days** of the date this order is filed, Plaintiff's claims against the unserved Defendants will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is GRANTED in part and DENIED in part. All claims against Defendants Ostrander, Hedgpeth, and Blackstone are DISMISSED. Ostrander, Hedgpeth, and Blackstone are hereby TERMINATED from this action. All Eighth Amendment claims against Bolin and Vargas are DISMISSED. All Fourteenth Amendment claims against Vargas are DISMISSED.

Plaintiff's request for a preliminary injunction is DENIED.

Plaintiff must comply with this order's directions regarding the execution of proper service on Defendants Bolin and Thompson within thirty (30) days from the date of this order, or face dismissal of the claims against the unserved Defendants.

This order terminates Docket Nos. 13 & 23.

**IT IS SO ORDERED.**

Dated: January 7, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE