UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAUN DARNELL GARLAND, | ) | No. C 08-00635 WHA (PR) |
| Plaintiff, | ) ) | **ORDER DIRECTING DEFENDANT TO FILE A MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) ) ) | |
| ANTHONY HEDGPETH, J. BOLIN, THOMPSON, BLACKSTONE, J. VARGAS, J. OSTRANDER, | ) ) ) ) | |
| Defendants. | ) ) | |

A California state prisoner at Calipatria State Prison proceeding *pro se*, plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. 1983, alleging *inter alia* that defendants, officers and employees of Kern Valley State Prison, retaliated against plaintiff for his exercise of his First Amendment rights.

The remaining defendants in this action are J. Bolin, A. Thompson, and J. Vargas. Bolin and Thompson, despite several attempts, have not been served with the complaint. Accordingly, Bolin and Thompson are hereby TERMINATED as defendants in this action, and the claims against them are DISMISSED without prejudice. J. Vargas, then, is now the sole defendant in this action.

Plaintiff has filed a first amended complaint in which he reiterates claims dismissed from this action in an order granting in part and denying in part defendants'

1  motion to dismiss (Docket No. 29).  Accordingly, plaintiff's first amended complaint is
2  STRICKEN and will not constitute a part of this action.
3      As regards the claims against J. Vargas:
4  1.   No later than ninety (90) days from the date of this order, defendant shall
5  file a motion for summary judgment or other dispositive motion with respect to the
6  remaining claims.
7      a.   Any motion for summary judgment shall be supported by adequate
8  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
9  Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor
10 qualified immunity found, if material facts are in dispute.  If defendant is of the opinion
11 that this case cannot be resolved by summary judgment, he shall so inform the Court prior
12 to the date the summary judgment motion is due.
13 2.   Plaintiff's opposition to the dispositive motion shall be filed with the Court
14 and served on defendant no later than forty-five (45) days from the date defendant's
15 motion is filed.
16     a.   In the event defendant files a motion for summary judgment,
17 the Ninth Circuit has held that the following notice should be given to plaintiffs:
18     The defendant has made a motion for summary  judgment by which he
19 seeks to have your case dismissed.  A motion for summary judgment under Rule 56 of the
20 Federal Rules of Civil Procedure will, if granted, end your case.
21     Rule 56 tells you what you must do in order to oppose a motion for
22 summary judgment. Generally, summary judgment must be granted when there is no
23 genuine issue of material fact — that is,  if there is no real dispute about any fact that
24 would affect the result of your case, the party who asked for summary judgment is
25 entitled to judgment as a matter of law, which will end your case.  When a party you are
26 suing makes a motion for summary judgment that is properly supported by declarations
27 (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead,
28

you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendant, your case will be dismissed and there will be no trial.  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

    3.     Defendant shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

    4.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    5.     All communications by the plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    7.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to

1  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2      8.    Extensions of time must be filed no later than the deadline sought to be
3  extended and must be accompanied by a showing of good cause.

4      9.    The order referring the action to the Federal Pro Bono Project and staying
5  proceedings pending the appointment of counsel (Docket No. 47) is hereby VACATED.
6  Should the action survive a motion for summary judgment, the Court will reconsider
7  whether to reinstate the now-vacated order.

    **IT IS SO ORDERED.**

Dated: March  7 , 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE