UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTHONY HEDGPETH, J. BOLIN,<br>THOMPSON, BLACKSTONE,<br>J. VARGAS, J. OSTRANDER,<br><br>    Defendants. | No. C 08-00635 WHA (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF** |

    This is a federal civil rights action filed pursuant to 42 U.S.C. 1983 by a *pro se* state prisoner.  Plaintiff has filed a motion (Docket No. 55) for relief from the judgment or order issued on March 7, 2011 (Docket No. 53) in which defendants were directed to file a motion for summary judgment within 90 days.  Plaintiff's motion is DENIED.  In his motion, plaintiff reiterates his dissatisfaction with the Court's March 7, 2011 order to vacate its previous order (Docket No. 47) referring the action to the federal *pro bono* project and for the appointment of counsel.  The March 7th order was issued because the action may be resolvable on summary judgment.  If the action survives summary judgment, the action may be referred back to the federal *pro bono* project for the appointment of counsel.

Plaintiff and defendants are reminded of the following.  Defendants' motion for summary judgment shall be filed on or before June 6, 2011, unless the Court extends time.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion for summary judgment is filed.  In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendant has made a motion for summary judgment by which he seeks to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendant, your case will be dismissed and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

1 All communications by the plaintiff with the Court must be served on defendants,
2 or defendants' counsel once counsel has been designated, by mailing a true copy of the
3 document to defendants or defendants' counsel.

4 Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
5 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1
6 is required before the parties may conduct discovery.

7 It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
8 informed of any change of address and must comply with the Court's orders in a timely
9 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
10 pursuant to Federal Rule of Civil Procedure 41(b).

11 Extensions of time must be filed no later than the deadline sought to be extended
12 and must be accompanied by a showing of good cause.

13 **IT IS SO ORDERED.**

14 Dated: April  11 , 2011

WILLIAM ALSUP
15 UNITED STATES DISTRICT JUDGE

16
17
18
19
20
21
22
23
24
25
26
27
28