UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAUN DARNELL GARLAND,

Plaintiff,

vs.

ANTHONY HEDGPETH, J. BOLIN, THOMPSON, BLACKSTONE, J. VARGAS, J. OSTRANDER,

Defendants.

No. C 08-00635 WHA (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

A California state prisoner proceeding *pro se*, plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. 1983, alleging *inter alia* that defendants, officers and employees of Kern Valley State Prison, retaliated against plaintiff for his exercise of his First Amendment rights. The remaining defendant in this action is Juan Bolin, a correctional officer at Kern Valley. Defendants have filed a motion for summary judgment. Plaintiff has not filed an opposition, even though he was granted an extension of time. For the reasons stated herein, defendants' motion is **GRANTED** as to all claims against defendant.

## DISCUSSION

### I. STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Ibid.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party will have the burden of proof at trial, however, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56. The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *Ibid.* If the nonmoving party fails to make this showing, "[t]he moving party is entitled to a judgment as a matter of law." *Celotex Corp*, 477 U.S. at 323.

## II. CLAIMS

Plaintiff alleges that defendants Juan Vargas, a correctional officer at Kern Valley State Prison, engaged in retaliatory acts, thereby violating plaintiff's First Amendment right to file grievances and petition for redress. Such alleged retaliatory acts included serving plaintiff food to which he was allergic, searching his cell, elbowing him, subjecting him to a strip search, and leaving his cell disheveled.

The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after the court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property Located at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

The papers in support of the motion for summary judgment are evidence that the defendants did not violate plaintiff's First Amendment rights. More specifically, the evidence does not show that defendant took an adverse action against plaintiff because of plaintiff's protected conduct, that such action chilled plaintiff's exercise of his First Amendment rights, and that such action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). The movants' papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. Accordingly, defendants' motion for summary judgment is GRANTED.

**CONCLUSION**

Defendants' motion for summary judgment (Docket No. 65) is GRANTED in favor of defendant Vargas as to all claims. Plaintiff's motion for an order directing prison officials to return confiscated legal work (Docket No. 74) is DENIED. Plaintiff's allegations concerning searches of his cell and confiscations of his property are not part of this action. If plaintiff seeks relief on such claims, he may file a separate civil rights action.

The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

Dated: November 15 , 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE